**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 22-cv-00616-RM-MEH

EXCEL ROOFING, INC., a Colorado corporation,

    Plaintiff,

v.

EXCEL CONSTRUCTION GROUP, a foreign corporation d/b/a Excel Roofing & Construction,

    Defendant.

---

## ORDER
---

    Before the Court is Defendant's Motion for Leave to File Late Answer to Plaintiff's Complaint and Motion to Set Aside Entry of Default.  (ECF No. 14.)  Defendant was served with Plaintiff's Complaint on March 16, 2022, yet it did not respond by the Answer deadline.  Plaintiff moved for entry of default, which the Clerk entered on April 12.  (ECF Nos. 11, 12.)  Ten days later, counsel for Defendant entered her appearance and Defendant filed its Motion.  Plaintiff has filed a Response.  (ECF No. 15.)  For the reasons below, the Court grants Defendant's Motion.

**I.    LEGAL STANDARDS**

    Entry of default is a prerequisite to granting default judgment.  *See Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011).  But "even after entry of default, the Court must decide whether the unchallenged facts create a legitimate basis for entry of a judgment."  *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted).  Although the Court has discretion to enter default judgment, strong policies favor resolution of

disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted).

The Court may, for good cause, extend the time to respond to a motion when a party fails to act because of excusable neglect. Fed. R. Civ. P. 6(b).

## II.   BACKGROUND

Plaintiff has engaged in the business of residential roof installation and repair in Colorado and Wyoming since 1994 and has federally registered EXCEL ROOFING as a service mark. In its Complaint, Plaintiff alleges that Defendant has used Plaintiff's mark without authorization, and it brings claims for trademark infringement, unfair competition, and dilution under federal and state law.

After being served on March 16, 2022, Defendant missed the April 6 deadline to file an Answer, and, at Plaintiff's request, default was entered against it. Plaintiff has not moved for default judgment.

In its Motion, Defendant asserts that it was not represented by counsel in this matter until after the Motion for Default was filed and that "it did not recognize the filings for what they are, nor did it understand the consequences of non-response." (ECF No. 14, ¶ 11.) Along with the Motion, Defendant has filed a proposed Answer. Defendant requests that its delay be deemed "excusable" under the circumstances.

## III.   DISCUSSION

As noted above, strong policies favor resolution of disputes on their merits, and default judgment is generally appropriate only when the adversary process has been halted because of an essentially unresponsive party. Here, the lawsuit has merely been delayed (briefly), not halted, and now that Defendant is represented in this matter, it should be aware of the legal

consequences of its actions or inaction moving forward. Delays often happen in litigation. The relatively minor delay here has been minimized by the Defendant's filing of a proposed Answer.

Although the Court does not condone ignoring deadlines, the Court finds that setting aside the entry of default in the interest of moving this case forward and resolving it on the merits will not significantly prejudice Plaintiff. The Court further finds that good cause exists to extend the Answer deadline for excusable neglect. Defendant was unrepresented before the deadline, and no motion for default judgment has yet been filed in this case. Even if Defendant has been aware Plaintiff's claim of unauthorized use of its trademark for over a year, as Plaintiff asserts in its Response, this lawsuit is merely two months old.

## IV.   CONCLUSION

Therefore, the Court GRANTS Defendant's Motion (ECF No. 14) and ORDERS that the entry of default (ECF No. 12) be SET ASIDE and that Defendant's proposed Answer (ECF No. 14-1) be separately docketed as such.

DATED this 16th day of May, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge